J-S55001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID SATCHELL, | |
| Appellant | No. 2005 EDA 2015 |

Appeal from the PCRA Order June 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004687-2008

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:**FILED NOVEMBER 10, 2016**

The Majority concludes there is arguable merit to Appellant's underlying claim that the trial court erred in failing to give the jury an involuntary manslaughter instruction.  Accordingly, the Majority reverses and remands to the PCRA[1] court for a determination of whether appellate counsel had a reasonable basis and whether Appellant was prejudiced by appellate counsel's failure to raise the claim on direct appeal.

While the Majority offers a thoughtful, cogent analysis, I conclude there is no arguable merit to Appellant's underlying claim and, additionally, Appellant has not met his burden on appeal as it relates to the prejudice

_____

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

prong of the ineffectiveness test.[2] Thus, I would affirm the PCRA court's dismissal of Appellant's PCRA petition and respectfully dissent.

With regard to the underlying claim, "[o]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." ***Commonwealth v. Baker***, 24 A.3d 1006, 1022 (Pa.Super. 2011) (quotation and quotation marks omitted). "The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." ***Id.*** (citation and quotation omitted).

Involuntary manslaughter is defined as a killing that occurs when, "as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, [an individual] causes the death of another person." 18 Pa.C.S.A. § 2504(a). An instruction on involuntary manslaughter is not required unless it has been made an issue in the case and the facts would support such a verdict. ***Commonwealth v. McCloskey***, 656 A.2d 1369

---

[2] The Majority finds trial counsel properly requested a charge on involuntary manslaughter and specifically noted his exception when the trial court denied the request. Thus, the Majority concludes trial counsel cannot be deemed ineffective with regard to the trial court's failure to charge the jury on involuntary manslaughter. I agree with the Majority in this respect.

(Pa.Super. 1995). "Stated as a three-part inquiry, we look to see, first, whether appellant made a timely request for an instruction on involuntary manslaughter, second, whether the offense was made an issue in the case, and finally, whether the evidence at trial could support a verdict of involuntary manslaughter." *Id.* at 1372.

In the case *sub judice*, I concur with the Majority that trial counsel made a timely request for an involuntary manslaughter instruction; however, I disagree that the offense was either made an issue in the case or there was sufficient evidence at trial to support a jury verdict on involuntary manslaughter only, as opposed to third-degree murder upon which Appellant was convicted.

As this Court indicated on direct appeal in this case, the evidence revealed that Appellant willfully engaged in a gun battle with another group of men during the afternoon on a crowded public street.[3] The Commonwealth presented the testimony of eyewitnesses to the gun battle, including Appellant's willful participation, as well as the fact Appellant evaded police until he was captured in December 2007. Appellant's trial strategy, which the jury did not believe, was that he was merely present and never fired his gun.

---

[3] It is noteworthy that this Court deemed the evidence sufficient on appeal to sustain Appellant's conviction for third-degree murder.

The record demonstrated that Appellant acted with the requisite malice for third-degree murder, including reasonably anticipating that death to another would likely result, which carried the crime beyond the mere recklessness or gross negligence for involuntary manslaughter. *See Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977) (regarding involuntary manslaughter); *Commonwealth v. Packer*, 2016 WL 3613038 (Pa.Super. filed 7/6/16) (defining malice); *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super. 2001) (regarding third-degree murder). Accordingly, voluntary manslaughter was not made an issue in the case, and the evidence does not support an involuntary manslaughter instruction. Thus, I disagree with the Majority that there is arguable merit to Appellant's underlying ineffective assistance of counsel claim.

Additionally, assuming, *arguendo*, there is arguable merit to the underlying claim, I conclude Appellant has not met his burden with regard to the prejudice prong of the ineffectiveness test. In his counseled appellate brief, Appellant has not meaningfully discussed and developed an argument as to the prejudice prong. More specifically, aside from bald assertions that the PCRA court should have held a hearing as to the prejudice prong of the ineffectiveness test, *see* Appellant's brief at 20-21, Appellant has presented no argument with regard thereto.

Our Supreme Court has held that an appellant "must set forth and individually discuss substantively each prong of the [ineffectiveness] test."

- 4 -

***Commonwealth v. Steele***, 599 Pa. 341, 361, 961 A.2d 786, 797 (2008) (citations omitted). Accordingly, where an appellant "only addresses the first prong, arguing that the underlying claim has arguable merit, followed by a bald assertion of the lack of a reasonable basis [or] the fact of prejudice[,] [s]uch undeveloped claims based on boilerplate assertions cannot satisfy [an] [a]ppellant's burden of establishing ineffectiveness." ***Id.*** (citations and footnote omitted).

For all of the aforementioned reasons, Appellant has not met his burden of proving arguable merit or prejudice with regard to appellate counsel's failure to raise on direct appeal the issue of whether the trial court erred in failing to charge the jury on involuntary manslaughter. Thus, it is unnecessary to remand this matter to the PCRA court for an evidentiary hearing, and I respectfully dissent.